(May 24, 1898.)

# VERMONT LOAN AND TRUST COMPANY v. McGREGOR.

[53 Pac. 399.]

JUDGMENT—ASSIGNMENT AND SATISFACTION OF—JURISDICTION.—Plain‑ tiff sued to foreclose a mortgage, and defendant obtained judgment for costs, which judgment defendant assigned to her attorney. By request of attorney for plaintiff, said assignee sent a receipt to a bank in another state with in‑ structions to receive the money for him and deliver the receipt; the plaintiff paid the money to the said bank, took up the receipt and filed it in the action. Plaintiff sued said assignee in said other state to recover a debt alleged to be due it from the said assignee, and garnisheed the money in the hands of the bank. The assignee moved to strike the receipt from the files and that execution issue on the judgment, and the court so ordered. *Held*, that said order was erroneous; that payment to the bank (agent of the assignee) satisfied the judgment; and that the forum of the state where the garnishment was had is the proper tribunal to decide the questions between the plaintiff and said assignee.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

A. E. Gallagher, for Appellant.

Appellant's position is that the courts of this state have no jurisdiction to inquire into the question whether or not the jurisdiction of the superior court of the state of Washington for Spokane county, in the action of appellant against said George W. Goode, has been fraudulently obtained. That is a question which belongs exclusively to the Washington court, and is not for this court to say that the jurisdiction of the Washington court has been fraudulently obtained, or that the process of that court has been abused. Neither the merits of the action in Washington nor the jurisdiction of that court to hear and de‑ termine that action in all its phases, or the manner in which that jurisdiction was obtained, is properly before this court, and this court ought not to assume the function of trying questions relative to the rights of personal property when the property is not in this state, and especially when it affirmatively appears

that the same questions pertaining to the same property rights between the same parties were pending in the courts of another state when these proceedings were commenced in this state. We contend, further, that there is no evidence of any fraudulent design or intent on the part of the appellant or its attorney when the arrangement was made on behalf of appellant to pay said money to said Goode in Spokane, Washington, to garnishee said bank. Had some person other than appellant garnisheed the bank, he certainly could not complain. If appellant saw fit to sue him and garnishee the bank, we do not understand why it had not a legal right to do so. All the instances where courts have released their process because it was fraudulently obtained have been on application to the court out of which the process issued, and in all those cases it was on the ground of fraud, and all the elements constituting fraud and right to relief on account of it was made to appear, and when not shown to exist the application was denied. This will be seen by an examination of the following cases: *Williams v. McGrade,* 13 Minn. 174; *Gilbert v. Burg,* 91 Wis. 358, 64 N. W. 996; *Luckenback v. Anderson,* 47 Pa. St. 123; *Hanna v. Fearl* (Pa.), 18 Atl. 553; *Tua v. Carriere,* 117 U. S. 201-208, 6 Sup. Ct. Rep. 565; *Chubbuck v. Cleveland,* 37 Minn. 466, 5 Am. St. Rep. 864, 35 N. W. 362; *Townshend v. Smith,* 47 Wis. 623, 32 Am. Rep. 793, 3 N. W. 439; *Van Horn v. Great Western Mfg. Co.,* 37 Kan. 523, 15 Pac. 562; *Fitzgerald etc. Con. Co. v. Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. Rep. 36.

S. S. Denning and George W. Goode, for Respondent.

The creditor may sue the debtor in the courts of his own domicile, even though the debtor may have been garnisheed in a foreign state, and if the debtor sets up such garnishment as a defense, the creditor may attack the power or jurisdiction of the foreign court to impound the fund or property in such state. (*Douglass v. Phoenix Ins. Co.,* 138 N. Y. 209, 34 Am. St. Rep. 448, 33 N. E. 938; *McCarty v. Steam Propeller,* 4 Fed. 818.) Where a party has been decoyed into another jurisdiction in order that he may be served with process, it is universally held that service under such circumstances is in the nature

of a fraud, and therefore invalid and of no effect. The same principles apply to a case of replevin where property is fraudulently decoyed into another jurisdiction. (22 Am. & Eng. Ency. of Law, 166; *Moynahan v. Wilson,* 2 Flip. 130, Fed. Cas. No. 9897.) And the same rule applies in attachment cases. (*Walker v. McCusker,* 65 Cal. 360, 4 Pac. 206; *Chubbuck v. Cleaveland,* 37 Minn. 466, 5 Am. St. Rep. 864, 35 N. W. 362; *Mudge v. Steinhart,* 78 Cal. 39, 12 Am. St. Rep. 17, 20 Pac. 147.)

QUARLES, J.—Appellant, as plaintiff, sued the respondents, Thyrza C. McGregor and others, defendants to obtain judgment of foreclosure of a certain mortgage, and the respondent Thyrza C. McGregor obtained judgment against appellant for costs, taxed at $214.10. Said respondent then assigned said judgment for costs to her attorney, the respondent George W. Goode. Said Goode afterward, at the request of the attorney for the appellant, sent a receipt for the amount of said costs to the Traders' National Bank of Spokane, Washington, with instructions to deliver said receipt to appellant upon payment by said appellant to said bank of the said sum for the said Goode. The appellant afterward paid said sum into said bank to the credit of said Goode, and received said receipt, which it filed in the court below in said cause. It appears that forthwith after paying said money into said bank the appellant attached or garnisheed the said money in the hands of the bank in a suit which it had commenced against said Goode in the superior court of the state of Washington in and for Spokane county to recover an alleged indebtedness from said Goode to the said appellant. The respondent Goode moved the district court to strike said receipt from the files of the cause, and to direct the clerk of the court to issue execution on said judgment, which order the court made, and from the whole of which the appellant has appealed to this court.

The arrangement made between the appellant and respondent Goode was proper. By reason of said arrangement and the instructions sent to the bank by the respondent Goode, the said bank became the agent of said Goode to receive the said money, and deliver the receipt; and in doing so the said Goode was

bound by the acts of his said agent. This being true, it results that the said judgment has been paid, the said receipt was properly filed, and the order appealed from was erroneous. As to whether said respondent owes appellant, and whether the said money was properly garnisheed or not, are questions to be determined in the said court of our sister state, which is not only competent, but undoubtedly willing, to do absolute justice between the parties. The respondent has sought the wrong forum. The order appealed from is reversed, and costs of the appeal are awarded to the appellant.

Sullivan, C. J., and Huston, J., concur.